UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ERIC PARIS,<br><br>  Plaintiff,<br><br>v.<br><br>IKWINDER SINGH,<br><br>  Defendant. | CASE NO. 1:14-cv-0391-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff has consented to Magistrate Judge jurisdiction. His complaint is before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are

2

accepted as true, legal conclusions are not. Id. at 677-78.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Valley State Prison ("VSP"). Plaintiff names Ikwinder Singh as Defendant.

Plaintiff's allegations can be summarized essentially as follows:

In February 2013, Plaintiff developed pain and burning in his lower abdomen and had pain on urination. Plaintiff filled out a California Department of Corrections and Rehabilitation ("CDCR") Form 7362 regarding these medical complaints and saw an R.N. Defendant became Plaintiff's primary care physician and was aware of Plaintiff's medical complaints.

Plaintiff continued to file "numerous" 7362 forms regarding these symptoms until February 2014. During this period, Plaintiff suffered "significant and continuous" pain and burning that interrupted his "daily and nightly function." At some point, Plaintiff saw a specialist; however, Defendant did not follow the specialist's recommendations or otherwise cure, stabilize, or effectively treat Plaintiff's medical problems. Defendant eventually arranged for Plaintiff to have bladder surgery as recommended by the specialist.

Defendant caused a year long delay in Plaintiff's treatment and unnecessary pain and suffering.  As a result of the delayed treatment, Plaintiff is at risk for further "medical issues."

Plaintiff alleges that Defendant's conduct violated his rights under the Eighth Amendment of the United States Constitution and that Defendant failed to comply with California Government Code § 845.6. Plaintiff seeks general and punitive damages, and "any other relief Plaintiff is entitled to."

3

**IV.   ANALYSIS**

    **A.   Medical Indifference**

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he suffered "significant" pain and burning that interfered with his daily activities is sufficient to show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, the facts of the complaint do not allege a deliberately indifferent response by Defendant. Plaintiff does not allege that Defendant failed to respond or responded in a medically unacceptable manner. Rather, he asserts that Defendant delayed taking action recommended by another and the pain persisted. See Toguchi v. Chung, 391 f.3d 1051, 1058-60 (9th Cir. 2004). Plaintiff does not explain the nature and circumstances surrounding the delay in Plaintiff's surgery, what reason Defendant gave

for the delay, the basis for Plaintiff's belief that Defendant was aware of the need for surgery, the basis for his belief Defendant, rather than some authority beyond his control, was responsible for the delay, and why he feels the delay was intentional or deliberately indifferent. Cf. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference).

If Plaintiff chooses to amend he must allege facts demonstrating that Defendant knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, that caused harm to Plaintiff.

**B.    California Government Code § 845.6**

California Government Code § 845.6 provides in part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

In order to state a claim under § 845.6 a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need, (2) for immediate medical care, and (3) failed to reasonably summon such care. Jett, 439 F.3d at 1099. "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Id. (citing Watson v. State, 26 Cal. Rptr. 2d 262, 265 (Ct. App. 1993)).

Plaintiff's complaint does not state a claim for relief based on § 845.6. The allegation that Defendant failed to promptly refer Plaintiff for surgery goes to the reasonableness of the care Defendant provided and does not constitute a failure to

"summon" medical care for purposes of liability under § 845.6. See <u>Castaneda v. Dep't of Corr. & Rehab.</u>, 151 Cal. Rptr. 3d 648, 664 (Ct. App. 2013) ("[F]ailure of these two public employees to provide further treatment, or to ensure further diagnosis or treatment, or to monitor Castaneda or follow up on his progress, are all facts which go to the reasonableness of the medical care provided, but do not constitute a failure to <u>summon</u> medical care." (emphasis in original)). Accordingly, Plaintiff's § 845.6 claim fails as a matter of law.

## V.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 20, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 1, 2014                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE