Case 1:14-cv-00391-MJS   Document 27   Filed 07/13/16   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ERIC PARIS,<br><br>    Plaintiff,<br><br>    v.<br><br>IKWINDER SINGH,<br><br>    Defendant. | CASE NO. 1:14-cv-00391-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**(ECF No. 25)**<br><br>**AUGUST 9, 2016 DISPOSITIVE MOTION DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendant Singh for inadequate medical care in violation of the Eighth Amendment of the United States Constitution.

On July 30, 2015, the Court issued a discovery and scheduling order, setting June 9, 2016 as the dispositive motion deadline. (ECF No. 22.) On June 8, 2016, Defendant filed a motion to modify the scheduling order to extend the dispositive motion deadline to August 9, 2016. (ECF No. 25.) Defense counsel explains that he recently was

1

reassigned several additional matters due to the death of one deputy attorney general and the retirement of another. One of these matters was set to begin trial July 11, 2016. These reassignments prevented counsel from timely filing a motion for summary judgment in this action.

Plaintiff opposes the motion. (ECF No. 26.) Plaintiff states that defense counsel informed Plaintiff at the close of Plaintiff's deposition that Plaintiff would receive a "response report" of the deposition and that the parties thereafter would "join discovery plans." Plaintiff received no further follow up from defense counsel, the discovery deadline expired, and the deadline for "joining discovery" also passed. He states that he seeks to introduce competent evidence and therefore asks that Defendant's motion be denied or that he be permitted to conduct discovery to prepare an opposition.

Defendant has presented good cause for an extension of time. Plaintiff's opposition presents no grounds for denying an extension of time. The motion will be granted.

The Court is unable to discern from Plaintiff's filing the nature of the parties' discovery dispute. To the extent Plaintiff seeks an extension of the discovery deadline, he may file a motion seeking same. Such a motion must be supported by a showing of good cause and that Plaintiff has pursued discovery with diligence. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). If and when Defendant files a motion for summary judgment, Plaintiff may move to have the Court defer consideration of such motion until Plaintiff has had an opportunity to pursue discovery. Fed. R. Civ. P. 56(d). However, Plaintiff bears the burden of specifically identifying the relevant information he seeks, demonstrating that the evidence sought actually exists, and explaining how or why it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Such a request is premature at this stage of the proceedings, given that Defendant has yet to

file a motion for summary judgment and Plaintiff therefore cannot know what evidence may be necessary to defeat it.

Based on the foregoing, Defendant's motion to modify the discovery and scheduling order is HEREBY GRANTED. (ECF No. 25.) The deadline for filing dispositive motions is extended to and including August 9, 2016.

IT IS SO ORDERED.

Dated:   July 12, 2016                             /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE