UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ERIC PARIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IKWINDER SINGH,<br><br>　　　　Defendant. | Case No. 1:14-cv-00391-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 30)**<br><br>**CLERK TO ENTER JUDGMENT AND CLOSE CASE** |

**I.　Procedural History**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) The matter proceeds against Defendant Singh on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 9.) All parties have consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 5 & 24.)

Before the Court is Defendant's September 9, 2016 motion for summary judgment. (ECF No. 30.) Plaintiff filed an opposition. (ECF No. 33.) Defendant filed no reply. The matter is deemed submitted pursuant to Local Rule 230(*l*).

For the reasons set forth below, the motion will be granted.

**II.     Legal Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Wash. Mut. Inc. v. United States</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. <u>In re Oracle Corp. Secs. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun</u>, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011).

**III.    Undisputed Facts**

Based on the submissions of the parties, the Court finds the following facts to be undisputed except as otherwise noted.

Plaintiff was referred to Dr. Singh on February 6, 2013 for complaints of painful urination and discharge of blood in the urine. Dr. Singh reviewed Plaintiff's medical

records, which indicated a history of "post micturition dysuria" from September 2013 to November 2013. According to Dr. Singh, this dysuria typically is caused by a urinary tract infection. Dr. Singh diagnosed Plaintiff with a urinary tract infection based on his symptoms and a urine dipstick analysis. Plaintiff was prescribed antibiotics. Dr. Singh states that Plaintiff did not complain of abdominal pain on this date. Additionally, according to Dr. Singh, Plaintiff stated that his pain was present only while urinating. Plaintiff does not disagree.

There is some dispute as to whether Plaintiff complained of lower abdominal pain between February 6, 2013 and February 20. 2014. According to Dr. Singh, Plaintiff did not, during this time, complain of lower abdominal pain. Plaintiff, however, states the opposite. Medical request forms and appeal records submitted by Plaintiff indicate that Plaintiff complained of "pelvic pain" and progressively worsening pain, generally.

In any event, from February 6, 2013 to August 5, 2013, Plaintiff saw Dr. Singh several times. From February 2013 through April 2013, Dr. Singh continued to prescribe Plaintiff antibiotics for what he believed to be a urinary tract infection. Dr. Singh ordered several cultures of Plaintiff's urinalysis to determine whether Plaintiff was suffering from infections. While Plaintiff was on antibiotics, no infection was present. Dr. Singh saw Plaintiff again in May 2013 and ordered additional blood tests and another urinalysis.

During this time, Plaintiff began to worry that he had cancer and requested a full body MRI. This was refused. He requested to see a specialist to determine whether he had cancer. This also was refused. Plaintiff also experienced other medical complaints that are not the subject of this litigation.

Plaintiff saw Dr. Singh on August 5, 2013. His complaints persisted. He was referred to an urologist, Dr. Michael Oefelein at Mercy Hospital Bakersfied. Dr. Oefelein saw Plaintiff on September 16, 2013. His impression was that Plaintiff suffered from persistent dysuria. He recommended urinalysis, blood culture, renal ultrasound, and bladder ultrasound.

Plaintiff returned to Dr. Singh on September 24, 2013. Dr. Singh ordered the tests recommended by Dr. Oefelein. Plaintiff underwent an ultrasound on October 2, 2013. The findings indicated "Unremarkable Renal Sonogram." The report stated that no hydronephrosis, mass, or stone was seen. Plaintiff underwent urinalysis on October 2, 2013, and the results were read on October 4, 2013. His urinalysis tested positive for Group B Streptococcus, but was otherwise unremarkable.

Plaintiff saw Dr. Singh on October 7, 2013. He was given a new prescription and referred back to Dr. Oefelein for follow up. Plaintiff saw Dr. Oefelin on or around November 18, 2013. Oefelein noted that "bladder and renal ultrasound demonstrate no evidence of hydronephrosis or mass." He determined that Plaintiff suffered from "unclear irritative voiding symptoms with no significant objective findings." He recommended another urine culture, which was completed that same day. The culture showed a continued Strep B infection. Olefin recommended further urine culture and a different medication.

Plaintiff saw Dr. Singh on December 2, 2013 and December 26, 2013. Dr. Singh prescribed medications to attempt to resolve Plaintiff's painful urination. According to Dr. Singh, Plaintiff did not complain of abdominal pain during this time.

On February 16, 2014, Plaintiff submitted a health care services request form complaining of pain in his prostate, scrotum and abdominal area, burning while urinating, and foot and leg pain.

Plaintiff saw Dr. Singh on February 20, 2014. According to Dr. Singh, this is the first visit in which Plaintiff complained of abdominal pain, and the pain was much worse than what Plaintiff described on any previous visit. Dr. Singh ordered that Plaintiff be taken to the Community Regional Medical Center emergency room.

Notes of Plaintiff's emergency room visit with Dr. Peter Anastopoulos indicate that Plaintiff had experienced testicular pain for the ten days preceding his visit. A CT scan was performed, which revealed a bladder stone. Plaintiff was given narcotic pain

4

medication and discharged the same day.

Plaintiff saw Dr. Singh on February 24, 2014. Dr. Singh continued Plaintiff's pain medication. He also ordered an urgent referral for a Cystolitholapaxy, a procedure to break up the stone and remove the fragments.

Plaintiff saw Dr. Singh on March 4, 2014. Dr. Singh counseled Plaintiff regarding the Cystolitholapaxy. It appears Plaintiff underwent the procedure on or about March 11, 2014.

Plaintiff was paroled on or about August 7, 2014. (ECF No. 10.) From the time of his parole until his January 26, 2016 deposition, Plaintiff saw a physician for the complaints raised in this action on only one occasion.

## IV. Discussion

### A. Legal Standard – Medical Indifference

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need, and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable

steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. Id. at 1062. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. Id. at 1059; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

**B.     Analysis**

The undisputed facts do not raise a triable issue of fact as to whether Dr. Singh was deliberately indifferent to Plaintiff's serious medical need. Plaintiff initially presented to Dr. Singh with a urinary tract infection. Dr. Singh treated this infection. Over the ensuing several months, Dr. Singh continued to treat what he believed to be a urinary tract infection. He prescribed antibiotics, ordered blood cultures, and ordered urinalyses. When Plaintiff's complaints persisted, he referred Plaintiff to an urologist, and subsequently ensured that all of the urologist's recommendations were followed. When Plaintiff presented in February 2014 with significantly worse symptoms, Dr. Singh referred Plaintiff to the emergency room. The Court notes that, in the emergency room, Plaintiff reported that he had been experienced symptoms for ten days; however, he apparently had not seen Dr. Singh in that interval. Once Plaintiff was discharged from the emergency room, Dr. Singh continued his pain medication and ordered a procedure to treat his bladder stone. Plaintiff offers no evidence to suggest that this course of treatment was deficient or medically inappropriate. On these facts, no reasonable juror could conclude that Dr. Singh was deliberately indifferent.

Plaintiff complains that Dr. Singh did not order a full body MRI or refer Plaintiff to

a specialist to address Plaintiff's concern that he may have cancer. However, there is no indication in this action that Plaintiff has or had cancer, or that a full body MRI was medically warranted at the time of Plaintiff's request.

As noted, there is some disagreement as to whether Plaintiff complained of abdominal pain between February 2013 and February 2014. According to Dr. Singh, abdominal pain can be a sign of a bladder stone. However, this disagreement is ultimately immaterial. Dr. Singh referred Plaintiff to an urologist in August 2013. This specialist concurred with Dr. Singh's assessment that Plaintiff suffered from urinary tract infections – indeed, it is undisputed that Plaintiff suffered from such infections. Ultrasound performed during this interval revealed no evidence of a stone. There is no evidence to suggest that Dr. Singh's reliance on a specialist's recommendations was medically inappropriate.

Finally, it is undisputed that Plaintiff's symptoms in February 2014 were dramatically different than those he previously presented. Dr. Singh recognized the urgent nature of Plaintiff's symptoms and referred him to the emergency room. Upon Plaintiff's discharge, Dr. Singh treated Plaintiff's pain and followed the recommendations of the hospital physicians. The recommended procedure was successful in alleviating Plaintiff's pain. Again, there is nothing to suggest this conduct was medically inappropriate.

In sum, Plaintiff's allegations and evidence amount to nothing more than a difference of opinion regarding appropriate medical care. In the absence of evidence to suggest that Dr. Singh's medical care was medically inappropriate and that Dr. Singh exhibited deliberate indifference towards Plaintiff and his needs, this evidence is insufficient to support a constitutional claim. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

## V. Conclusion and Order

The undisputed facts demonstrate that Dr. Singh was not deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Dr. Singh is entitled to judgement as a matter of law.

Based on the foregoing, Defendant's motion for summary judgment (ECF No. 30) is HEREBY GRANTED. The Clerk's Office is directed to enter judgment in favor of Defendant and to close this case.

IT IS SO ORDERED.

Dated:   December 7, 2016          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE